**RECEIVED**

## UNITED STATES DISTRICT COURT

NOV 29 2010

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

| | |
|---|---|
| Saravuth Keo and Annie Keo , individuals | ) ) ) |
| | )CASE NO. *10cv4752 ADM/AJB* |
| | ) |
| Plaintiffs, | )  **COMPLAINT** |
| | )  **FOR RESCISSION, DAMAGES,** |
| Vs. | )  **& JURY TRIAL** |
| | ) |
| ALERUS FINANCIAL N.A. | ) |
| AS SUCCESSOR IN INTEREST TO | ) |
| BANKFIRST, | ) |
| JOHN & JANE DOES 1 – 10 | ) |
| | ) |
| Defendants | ) |
| | ) |

Plaintiff, as and for his Complaint against Defendants, states and alleges as follows:

### I. Preliminary Statement

1.  Plaintiffs Saravuth and Annie Keo bring this action against ALERUS

FINANCIAL N.A. AS SUCCESSOR IN INTEREST TO BANKFIRST and

John and Jane Does 1 – 10 to:

   a) Enforce a rescission;

   b) Reimburse all fees and costs paid in a consumer credit transaction pursuant

   to violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"),

   and its implementing regulations at 12 C.F.R. § 226 *et seq.* (Reg. Z);

   c) Assert violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §

   2605 ("RESPA"); and,

**SCANNED**

NOV 3 0 2010

U.S. DISTRICT COURT ST. PAUL

d) Rescind and cancel a Mortgage security interest.

2. THIS COMPLAINT SERVES AS NOTICE OF PLAINTIFF'S RECISSION CLAIM TO ALL KNOWN AND UNKNOWN PARTIES IN INTEREST THERETO.

3. A rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

4. All claims amount to a serious breach of Defendants' fiduciary duties and will result in an irregular and wrongful forced sale foreclosure if not enjoined.

5. Plaintiffs also seek declaratory and injunctive relief to further restrain Defendants under Minnesota Uniform Deceptive Trade Practices Act §§ 325D.43 *et seq.*, ("Minn. UDTPA") for confusion, misrepresentation and deceit, against Defendants herein.

6. The Defendants are proper parties to be sued for claims arising out of the transaction when Defendants are attempting to enforce *contractual obligations* in a foreclosure and the consumer is in an affirmative or defensive position asserting a rescission claim under TILA; Reg. Z, and asserting other statutory relief under RESPA, Minnesota law, misrepresentation or deceit, etc., and for any claims in recoupment and set-off against all Defendants.

## II. Parties

7. Plaintiffs Saravuth and Annie Keo are consumers and natural persons as that term is defined under 15 U.S.C. § 1602(h) and within the scope of Minn. DTPA § 325D.43. Plaintiff has rights as a citizen domiciled here in Minnesota, the owner of the *principal dwelling* known as 14692 Wilds View NW Prior Lake, MN 55372 (hereinafter the "Property") and at all times relevant and material hereto, reside on the Property as their family home..

8. Bankfirst ("Bankfirst") was a national chartered bank.. Otherwise, Bankfirst is a creditor as that term is defined under 15 U.S.C. § 1602(f); Reg. Z § 226.2(a)(17) and at all times relevant hereto is regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installment by written agreement. Bankfirst maintained minimum contacts in this forum, offices in South Dakota and elsewhere. On or about July 17th, 2009, Bankfirst was closed by the FDIC and acquired by Alerus Financial N.A. in a government sponsored transaction.

9. Defendant Alerus Financial N.A. ("Alerus") as Successor in Interest to Bankfirst is a National Bank and maintains minimum contacts this forum and may be served with process by serving the Officer in Charge at its headquarters located at 401 Demers Avenue Grand Forks, ND 58201.

10. Defendants John and Jane Does 1-10 are involved in the instant case and transaction and are currently unknown to Plaintiff. Said entities will be joined

upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

11. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, pursuant to 12 U.S.C. § 2614 for RESPA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiff's state law claims because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201 and Minn. Stat. §555.01 *et seq.*. Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent jurisdiction.

12. Venue is proper under Chapter 542 of the Minnesota Statutes including Minn. Stat § 542.02 as Plaintiff's Home is located in Chisago County and a substantial part of the events and claims, the subject of this suit, are situated here, including unlawful communications of Defendants' defiance to seek judicial guidance are in this district, and Defendants' business practices are within the forum state of Minnesota.

### IV. Conditions Precedent

13. All conditions precedent have been performed or have occurred and, at minimum, TILA; Reg. Z violations may be asserted affirmatively and defensively as a recoupment or set-off pursuant to 15 U.S.C. § 1638 *et seq.* The mere loss of a statutory right to disclosure is an injury that gives the consumer standing for Article III purposes.

14. Plaintiffs have standing as of the date of the contract and where the contract is a federally related mortgage transaction governed by TILA; Reg. Z. and due to the foreclosure filing recorded in the official records.

### V. Statement of Facts Material to the Transaction

15. The original application, and federally related mortgage transaction at the root of this case was closed on or about November 27th, 2006 (the "Closing")

16. Plaintiff's application is a mortgage loan consolidation and refinanced a previous mortgage loan transaction covering real property then and now the primary *principal dwelling* and home of the Plaintiffs.

17. At the purported Closing, Plaintiffs entered into a mortgage loan transaction (hereinafter the "Transaction") naming American as the originator and *was not* provided with *any copies* of various documents material to this case including:

   a. A Note,

   b. A Mortgage security instrument,

   c. (2) copies of A Truth in Lending Disclosure Statement with Itemization of Amount Financed,

    d.  A HUD – 1 Settlement Statement,

    e.  Four (4)  copies of Notice of Right to Cancel,

18. The Transaction required Plaintiffs to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

19. The security interest was not created to finance the acquisition or initial construction of Plaintiffs' Property and paid off multiple consumer debts.

20. The Transaction and all Closing documents were described to Plaintiffs at the Closing and characterize a *Consumer Credit Transaction* as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a).

21. Accordingly, the Plaintiffs read the TILA Disclosure Statement, the Itemization of Amount Financed, and understood the prepaid Finance Charges being disclosed at the Closing.  However, if the Plaintiffs would have known prior to Closing that additional Finance Charges were actually allocated to the Amount Financed, further itemized on the HUD – 1 Settlement Statement, they would have sought and obtained a lower Finance Charge price and annual percentage rate ("APR").

22. The Transaction is, in fact, a Closed-end Credit Transaction as that term is defined in Reg. Z § 226.2(10)  for Lender and Lender's successors and assigns and as the beneficiary.

23. The Transaction is subject to all disclosure requirements set forth in 15 U.S.C.

    § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 – 226.23.

24. No copies of material documents disclosing to the Plaintiffs in a form and

    manner required by applicable statute and regulation, the true nature and cost

    of this Transaction were ever provided.

25. Subsequent to the purported Closing, Bankfirst's interest in the Transaction

    was acquired by Alerus who now maintains a pecuniary interest therein.

26. In addition, the total of "Finance Charges" computed is understated, varies by

    more than $100.00, and is sufficiently understated to exceed the $35.00

    tolerance pursuant to Reg. Z226.23(h)(2)(i) *Special rules for foreclosures; Tolerance for*

    *disclosures.*

27. The failure to accurately disclose the "Finance Charge" fees allocated in this

    Transaction from origination to present is a failure to provide a *material*

    disclosure as that term is defined under 15 U.S.C. § 1602(u); Reg. Z §

    226.23(a)(3) n.48.

28. The foregoing failures to provide said *material* disclosures under 15 U.S.C. §

    1602(u); Reg. Z 226.23(h)(2)(i) and proper rescission notices under 15 U.S.C. §

    1635(a); Reg. Z § 226.23(b)(1), statutorily extends the right to rescind for three-

    years (3) under 15 U.S.C. § 1635(f).

29. On or about November 7th, 2009; Plaintiffs sent a timely valid Rescission Notice and qualified written request ("QWR") as that term is defined under 12 U.S.C. § 2605(e)(1)(B) to all known interested Parties.

30. The QWR provides sufficient detail to any Servicer regarding other information sought by the Plaintiffs, provides a valid Notice to Rescind the Transaction, surrenders the value of the Property, and requests a full accounting under the purported collateral instruments so that Plaintiff may tender.

31. Bankfirst and Alerus failed to respond to Plaintiffs' QWR or valid Recission

32. Bankfirst and Alerus' response is unlawful, negligent, intentionally refuses to honor a valid rescission, intentionally misapplies payments and imposes finance charges and other charges, and is contrary to cease and desist under RESPA

33. Defendants collectively have failed to timely seek judicial guidance and fully comply with Plaintiff's QWR and application to rescind the Transaction.

34. Each of the responses and omissions imposed by Defendants induces such confusion as to source and sponsorship with respect to services and applicable statutes. The responses are intentionally unfair and deceptive.

35. A controversy has arisen due to Defendants failure to credit all previous payments so that Plaintiff may tender any balance and extinguish the Transaction by operation of law.

36.   As of this date, all *known* Defendants have been made aware of the TILA; Reg. Z violations and their duty to comply with the requirements set forth by the RESPA

37. The foregoing acts and omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the rights of the Plaintiffs.

## VI. Claims for Relief

### Count 1 – Failure to Rescind under TILA & Reg. Z Against All Defendants

38. Plaintiffs incorporates each paragraph set forth above as if fully stated herein.

39. As a result of Defendants failure to provide accurate *material* disclosures correctly with a proper Notice of Right of Rescission described above, Plaintiffs are entitled and have exercised his right of rescission of the Transaction.

40. Rescission of the Transaction extinguishes any liability Plaintiffs have to Defendants for finance or other charges arising from the Transaction.

41. Defendants' failure to take any action to reflect the termination of the security interest in the Property within twenty (20) days of rescission or seek judicial guidance releases Plaintiffs from any liability whatsoever to Defendants arising from the Transaction.

42. Defendants have a fiduciary duty and obligation to perform upon notice of rescission by canceling this specific Transaction as well as any enforcement

thereof. Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. § 1635(b).

43. Defendants had twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest and Defendants have failed in their obligation to perform this duty and make a tender offer.

44. The Defendants have ignored the rescission notice and forfeited their right to receive any tender amount whereby the property implicitly vests in the Plaintiff.

45. Defendants performance is a condition precedent to Plaintiff's duty to tender and failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

46. Any further acts to enforce an invalid security instrument and impose finance charges are wrongful, improper, and a serious breach of fiduciary duty associated with Defendants obligations. Such acts violate TILA; Reg. Z, RESPA, and are contrary to the explicit statutory requirements and contract between the parties.

47. Defendants have proceeded to unlawfully impose finance charges, and unlawfully initiate and continue a foreclosure proceeding by posting a sale date.

48. The foregoing acts and omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the rights of the Plaintiff

49. Said acts entitle Plaintiff to statutory and actual relief and orders enforcing rescission, and a reasonable attorney fee.

## VII. Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), 1641(c), RESPA, and Minn. DTPA, Plaintiffs pray for judgment against Defendants as follows:

1.     Rescission of this transaction,

2.     Termination of any security interest in Plaintiff's property created under the transaction,

3.     Return of any money or property given by the Plaintiff to anyone, including all Defendants, in connection with this transaction,

4.     Statutory damages of no less than $4,000 for the disclosure violation as provided under 15 U.S.C. § 1640(a),

5.     Statutory damages of $4,000 for Defendants' failure to respond properly to Plaintiffs rescission notice, and $4000 for each subsequent event that is contrary to TILA,

6.     Forfeiture of return of loan proceeds,

7.    Order that, if Defendants fail to further respond lawfully to Plaintiff's valid Rescission Notice, Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of Plaintiff's claims, and order Defendants to accept tender on reasonable terms and over a reasonable period of time,

8.    Actual damages in an amount to be determined at trial,

9.    Statutory damages as provided by state law

10.   Reasonable attorney fee and costs of suit,

13.   For such other and further relief as the Court may deem just and proper.


Dated: November 29th, 2010                    KEOGH LAW OFFICE

                                              By s/Michael J Keogh
                                               Michael J. Keogh (#0286515)
                                              P.O. Box 11297
                                              St. Paul, Minnesota 55111
                                              Telephone (612) 644-2861
                                              *Attorney for Plaintiff*